**In re James Douglas HOWERTON &
wife, Blanche Howerton, Debtors.**

**Bankruptcy No. 481–00571.**

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

July 14, 1982.

**622**

Thomas D. Powers, Fort Worth, Tex., interim trustee.

Jimmie C. Dixon, Granbury, Tex., for debtors.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

The Debtors, James and Blanche Howerton, established Individual Retirement Annuity (I. R. A.) contracts pursuant to 26 U.S.C. § 408 through Dixie National Life Insurance Company in 1977. They now claim that the cash surrender value of their I. R. A.s is not property of the estate, or, alternatively, that it is exempt property under Texas law. The Trustee objects and claims the cash surrender value of both contracts as non-exempt property of the estate.

■ Initially the Debtors contend their I. R. A.s are not property of the estate based on provisions of their contracts and 26

U.S.C. § 408 which restrict the ability of the annuity contract owner to transfer the contract. Section 541(a) and (c) of the Bankruptcy Code make virtually all property interests of a debtor property of the estate despite any restriction imposed on transfer of the interest. 4 *Collier on Bankruptcy* ¶ 541.22 (15th ed. 1982). The Debtors rely on § 541(c)(2) which creates an exception to the general rule for spendthrift trusts enforceable under applicable non-bankruptcy law. See House Report No. 95–595, 95th Cong., 1st Sess. 368 (1977) and Senate Report No. 95–989, 95th Cong., 2d Sess. 83 (1978), U.S.Code Cong. & Admin.Code 1978, p. 5787.

■■ The property interests in issue are not held in trust. 26 U.S.C. § 408 provides several ways to establish retirement plans. Although under § 408(a) an individual retirement account may be held in trust, the Debtors hold individual retirement annuities established under § 408(b). The statute distinguishes between a trust and an annuity as two different methods of establishing retirement plans. Since neither § 408(b) nor the Debtors' contracts provide that the funds are to be placed in trust, § 541(c)(2) does not apply and the annuities are property of the estate despite restrictions on their transfer.[1] The Trustee may reach these funds for the benefit of unsecured creditors unless the funds are exempt under some applicable law.

Debtors present two arguments regarding exemption. First they contend that the I. R. A.s are actually life insurance policies the cash surrender value of which is exempt under Vernon's Ann.Civ.St. Art. 3836(a)(6). They argue that V. A. T. S. Insurance Code, Art. 3.54 mandates that every policy issued by an insurance company operating under Chapter Three of the Texas Insurance Code is necessarily a life, health or accident policy. Since Dixie National operates under Chapter Three, the contracts must be insur-

---

1. Even if a spendthrift trust had been created by the Debtors, under Texas law spendthrift trusts created by the settlor in his favor are void and the trust res may be reached by creditors. *Bank of Dallas v. Republic Nat'l Bank of Dallas*, 540 S.W.2d 499 (Tex.Civ.App.—Waco 1976, writ. ref'd. n. r. e.). Since such a trust is not enforceable under non-bankruptcy law, § 541(c)(2) would be inapplicable.

ance policies despite contractual recitals that they are pension contracts.

█ The Debtors' reliance on Art. 3.54 is misplaced. Chapter Three clearly contemplates that companies operating thereunder will write annuity contracts. The Art. 3.01 definition of life insurance company includes a company paying under a contract for annuities. Article 3.42 provides that no annuity contract shall be issued by a life insurance company unless the policy form is first approved by the State Board. The policy is not necessarily a life insurance policy simply because a life insurance company issued it.

█ Debtors also urge that the I. R. A.s pay benefits based on the continued life of the insured and are therefore life insurance policies. Both life insurance and annuity contracts may take various forms but the heart of the distinction between them is this: life insurance is a promise to pay a sum certain on the death of the insured and an annuity is essentially a form of investment which pays periodically during the life of the annuitant or during a term fixed by contract rather than on the occurrence of a future contingency. See generally *Daniel v. Life Ins. Co. of Virginia*, 102 S.W.2d 256 (Tex.Civ.App.—Austin, 1937, no writ hist.). Here, the only benefits paid are based on the net cash value of the I. R. A. contract at its maturity date. The funds are held at a guaranteed interest rate of 3½% compounded annually. The Debtors choose a settlement option under which they receive the return on their investment in the form of annuity payments. No special benefits are paid to a beneficiary or the Debtors' estates by reason of the Debtors' deaths.[2] Therefore, the I. R. A. contracts are not life

insurance policies and art. 3836(a)(6) is inapplicable.

█ Debtors also argue that under the provisions of their contracts, 26 U.S.C. § 408(b), and V.A.T.S. Insurance Code art. 21.22, their interest in the I.R.A.s are nonassignable and, as such exempt under § 522(b)(2) which allows the exemption from the estate of property exempt under applicable state law.[3] The argument hinges on a line of Texas cases providing " . . . that no interest in property is subject to sale under . . . process unless the debtor has power to pass title to his interest by his own act." *Moser v. Tucker*, 26 S.W. 1044, 1045 (Tex.1894). See also *Shaw v. Frank*, 334 S.W.2d 476 (Tex.Civ.App.—El Paso 1959, no writ hist.) and *E-Systems v. Islamic Republic of Iran*, 491 F.Supp. 1294 (D.Ct.N.D.Tx. 1980). However, despite the all-encompassing language of the quoted passage, these cases deal with the nonassignability of remote and contingent interests. There is nothing remote or contingent about the Debtor's interests in their I. R. A.s; at any time they may withdraw the cash value of the annuity. The Debtors cite no cases in which the *Moser* rule has been extended to exempt interests which are not remote or contingent. Although exemption laws are to be construed liberally in favor of the debtor, the court is not at liberty to create exemptions which do not exist.

█ This court cannot ignore the real nature of the Debtors' I. R. A.s. They are basically tax deferrment plans over which the Debtors exercise a great deal of control. They may withdraw the cash value of the annuity subject to a tax assessment at anytime and there is no guarantee the funds will be retained until retirement. If the

---

2. The only death benefits paid are (1) the greater of the cash surrender value or total of the premiums paid under the annuity contract if the Debtor dies before the first annuity payment is made or (2) the unpaid balance of the monthly income guaranteed under a settlement option if the Debtor dies after the payments begin but before all payments under the option are made. These benefits merely represent a payment of the unpaid portion of the Debtors' investment and are not traditional death bene-

fits paid to beneficiaries under a life insurance policy.

3. Art. 21.22 exempts from seizure under process those periodic payments received under a policy of insurance issued by a life, health or accident insurance company or under a plan or program of annuities in use by an employer. Since the Debtors' I. R. A.s are not in use by an employer and are not policies of insurance, art. 21.22 is inapplicable.

Debtors have the unlimited capacity to reach these funds, so does the Trustee.[4]

It is ordered that the Trustee may withdraw the cash value of the Debtors' annuities subject to payment of the tax penalties imposed for early withdrawal of funds held in an I. R. A.

---

**4.** My decision is in accordance with findings announced by other bankruptcy courts considering the treatment of Individual Retirement Accounts and Annuities. See *In re Brown*, 2 B.C.D. 1661 (S.D.Ohio 1976); *In re Mace*, 4 B.C.D. 94 (D.Or.1978); *In re Talbert*, 15 B.R. 536, 8 B.C.D. 768 (Bkrtcy.W.D.La.1981).