In the Matter of Richard L.
KOCHELL, Debtor.

Civ. A No. 83-C-143-S.

United States District Court,
W.D. Wisconsin.

June 3, 1983.

David C. Moore, Brennan, Steil, Ryan,
Basting & MacDougall, S.C., Janesville,
Wis., for debtor.

William J. Rameker, Murphy, Stolper,
Brewster & Desmond, S.C., Madison, Wis.,
trustee.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

In this appeal from the Bankruptcy
Court, 26 B.R. 86, of the Western District of
Wisconsin, Judge Robert D. Martin, presiding,
the debtor, Dr. Richard L. Kochell,
seeks reversal of the decision of Judge Martin
concerning his failure to exempt funds
deposited in pension plans. The facts are
not in dispute.

In his reply brief the debtor accepts the
findings of fact of the bankruptcy court
agreeing that he does not need the pension
funds in question for the current support of
himself or his dependents.

Briefly stated, Richard L. Kochell is a 44
year old medical doctor whose average
gross income is $36,000 per month with
average monthly living expenses for himself
and three dependent children in his
custody of about $34,000. The doctor admits
to about $1,500 per month of income
not required for current expenses.

The debtor has two retirement plans to
which he has contributed funds. The first
is in the amount of $120,000 and the second
is approximately $7,400.

Both plans were claimed as exempt as a
matter of law under 11 U.S.C.
§ 522(d)(10)(E):

§ 522. EXEMPTIONS

(d) The following property may be exempted under subsection (b)(1) of this section: ...

(10) The debtor's right to receive—

. . . . .

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

. . . .

The trustee denied the exemption and was upheld by the bankruptcy judge from which decision the debtor appeals.

■ Although the debtor attempts to raise issues on appeal which were not raised in the bankruptcy court, the only issues before this Court is whether, as a matter of law, the plans are exempt pursuant to 11 U.S.C. § 522(d)(10)(E). This Court recognizes the age-old principle that as an appellate court it cannot consider those new issues of fact not presented to the trial court.

■ The appellant debtor disputes the meaning given to "reasonably necessary for the support of the debtor and any dependent of the debtor." He argues that as a matter of law future needs should be considered where the funds are not necessary for immediate support. In order to accept this suggested interpretation, there must be some showing that the funds are reasonably necessary for future support.

In the compromise measure which was enacted by Congress in 1978 to become the present law, the option provision in the House version for the debtor to choose between exemption systems was retained, and the "reasonably necessary" language was inserted with respect to pension plans. This language raises several questions of construction. For how long must the needs of the debtor be anticipated? Does this period include any additional period after his death during which his dependents might need to rely upon these payments? Is the debtor to be allowed only enough for his basic needs, or is he entitled to maintain his customary style of living? Are we to judge his needs by his status in life, and are we to consider his other sources of income, existing and potential?

. . . .

The foregoing review of the legislative background, including the *House Report* reference to the UEA, the rationale underlying exemption laws, comments in the cited law review articles, and the holding in *Kokoszka [v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974)] *supra* all lead me to conclude that the reasonably necessary standard requires that the court take into account other income and exempt property of the debtor, present and anticipated, that the limitation provisions of the CCPA are inapplicable, and that the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim. *Matter of Taff,* 10 B.R. 101 (1981).

This Court believes that Bankruptcy Judge Robert L. Krechevsky has accurately delineated the issue and properly resolved it and for this reason has set forth portions of his decision at length above.

■ An examination of the record presently before the Court discloses no evidence whatsoever that the funds are necessary for the debtor's needs, either immediate or future.

The appellant does no more than speculate, suggesting before the bankruptcy court that in the event of his death or disability his children's education would suffer. Debtor requests more than a broad exemption. His request amounts to a total exemption and this, of course, was not the intent of the amendment enacted by Congress.

Presently, debtor is not currently receiving funds from the plans. At age 44, Dr. Kochell has many years of high earnings ahead of him. The testimony indicates that

in the 10 months immediately preceding August 1982, his gross income reached $380,000 or $38,000 per month, a substantial increase from the average monthly gross income of $34,000 per month which surely does not indicate a declining income. Debtor is not shown to be either disabled or in failing health where prospects of his reliance on the funding would be expected.

Finally, as Judge Martin has indicated, based on debtor's income, the fund could be readily reestablished in a relatively short period of time, thus addressing itself to those contingencies to which debtor has only speculated.

This Court is of the opinion that the bankruptcy judge considered the "reasonably necessary" standard under both present and future circumstances. Certainly, there are instances where a debtor in ill health and declining years could readily demonstrate that the funds would be reasonably necessary for his future support. This Court is of the opinion that Dr. Kochell has shown neither present nor future conditions which demonstrate the plans are reasonably necessary for his support and that of his children.

Accordingly,

### ORDER

IT IS ORDERED that the decision of the Bankruptcy Court of the Western District of Wisconsin in the above-entitled action is AFFIRMED.

IT IS FURTHER ORDERED in light of the foregoing that the trustee's motion to dismiss is rendered moot.

Entered this 3rd day of June, 1983.