**In re Gary John FICHTER, dba Evergreen Landscape Services, Mary Alice Fichter, Debtors.**

Bankruptcy No. 83–00091.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 28, 1984.

Thomas R. Michalski, Toledo, Ohio, Trustee.

George E. Ferstle, James M. Perlman, Toledo, Ohio, for debtors.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court on trustee's objection to exemption of debtors'

I.R.A. annuity plan and debtors' memorandum in support of the exemption.

The debtors contend that their individual retirement plan is exempt under O.R.C. § 2329.66(A)(6)(b) which exempts life or endowment insurance or annuities upon the life of any person pursuant to O.R.C. § 3911.10. Should the debtors' previous assertion fail, they then argue in the alternative that the I.R.A. funds should be exempted under § 2329.66(A)(10)(b) which exempts payments which are akin to future earnings such as: pensions, annuities, or similar plans or contracts on account of illness, disability, death, age, or length of service.

The Court finds that the I.R.A. annuity plan is not exempt under either Ohio statute. The Court bases its decision on the fact that the I.R.A. is not "upon the life of any person" as required by O.R.C. § 2329.-66(A)(6)(b) nor is it payable "on account of illness, disability, death, age, or length of service" as required by O.R.C. § 2329.-66(A)(10)(b). Therefore considering the pleadings and applying the two statutes, the Court finds in favor of the trustee and denies the debtors' exemption.

### FACTS

The debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on January 19, 1983. On their Schedule B–4, the debtors claimed the following exemption:

Investors Diversified Services Variable Annuity, pursuant to O.R.C. § 2329.-66(A)(6)(b) and (A)(10)(b) and § 3911.10; value five thousand four hundred twenty-three dollars ($5,423.00).

The annuity, according to the contract provided by I.D.S. and signed by the debtors, was purchased under a "tax favored" plan which is then listed as an individual retirement account (hereinafter I.R.A.). The debtors were to make their own contributions to the fund. The plan was for the purpose of retirement but the debtors had the right to change the date of retirement. The debtors also had the right to withdraw the funds at any time subject to sales and administrative expenses as well as tax penalties.

At the first meeting of creditors, the trustee orally objected to this exemption and later filed a written objection with a memorandum in support. The debtor filed a motion in support of the exemption followed by a reply brief.

### DISCUSSION

The debtors ask the court to exempt the entire $5,423.00 because they claim all annuities are totally exempt under Ohio law pursuant to O.R.C. § 2329.66(A)(6)(b) (which incorporates by reference O.R.C. § 3911.10). They generously inform the court that to decide in their favor according to O.R.C. § 2329.66(A)(6)(b) would relieve the court of the task of determining the exemptability of individual retirement accounts under the Code. However the debtors in the alternative argue that if all annuities are not exempt then this particular one is exempt to the extent it is reasonably necessary for support according to O.R.C. § 2329.66(A)(10)(b) which covers pensions and similar plans or contracts.

The court's initial inquiry is whether an I.R.A. annuity plan is exempt pursuant to O.R.C. § 2329.66(A)(6)(b) which provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(6)(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code.

and § 3911.10 which is incorporated by reference:

All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any relative dependent upon such person, or any creditor, or to a

trustee for the benefit of such wife, children, dependent relative, or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant. Subject to the statute of limitations, the amount of any premium upon said contracts, endowments, or annuities, paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the contracts, but the company issuing any such contract is discharged of all liability thereon by the payment of its proceeds in accordance with its terms, unless, before such payment, written notice is given to it by a creditor, specifying the amount of his claim and the premiums which he alleges have been fraudulently paid.

Chapter 39 of the O.R.C., of which § 3911.10 is a part, pertains entirely to insurance. The first sentence indicates that this section addresses the exemption of life or endowment insurance or annuities on the life of any person. Clearly the question is not whether all annuities (and any plan merely labeling itself annuity) are exempt under Ohio law but whether this annuity qualifies according to the requirements of O.R.C. § 3911.10.

■ There appears to be at least two qualifications which disallow the I.R.A. Plan. The first as previously mentioned is that the annuity be upon the life of any person. Secondly it must be for the benefit of the spouse, children, dependent relatives, or creditors.

The court agrees with the trustee who has cogently asserted in his briefs that the qualification of "annuities" by the phrase "upon the life of any person" demonstrates that this section was intended to exempt annuities that have the same function as life insurance.

The court in *In re Howerton*, 21 B.R. 621, 623 (Bankr.N.D. TX. 1982) when asked to determine if an I.R.A. annuity was exempt under a Texas statute that exempts life insurance differentiated between the two as follows:

[l]ife insurance is a promise to pay a sum certain on the death of the insured and an annuity is essentially a form of investment which pays periodically during the life of the annuitant or during a term fixed by contract rather than on the occurrence of a future contingency. ... (In the case of an annuity) No special benefits are paid a beneficiary or the Debtors' estates by reason of the Debtors' deaths.

While it is difficult to construe the contract as being upon the life of any person the debtors disregard that requirement and state the only condition is that the beneficiary be a dependent of the debtor.

By naming his wife as the beneficiary the debtor claims he has met the conditions of O.R.C. § 3911.10. The court wholeheartedly disagrees. The debtors' position ignores the fact that the main purpose of this contract is that he is the beneficiary unlike life insurance policies which are intended to pay dependents. Specifically stated in the contract is that this plan is a tax favored plan and it is to provide for the retirement of the owner, both purposes of which are not part of the ordinary life insurance plans intended to be exempt under this section of the Code.

Turning to the debtors other argument, the court now examines whether I.R.A.'s are exempt under O.R.C. § 2329.-66(A)(10)(b) which provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(10)(b) The person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit sharing plan or a payment included in division (A)(6)(b) or (A)(10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents, except if all the following apply:

(i) The plan or contract was established by or under the auspices of an insider that employed the person at the time his rights under the plan or contract arose;

(ii) The payment is on account of age or length of service;

(iii) The plan or contract is not qualified under the Internal Revenue Code of 1954, 68A Stat. 3, 26 U.S.C. 1, as amended.

Since the court has been unable to find any decision or legislative history concerning I.R.A.s and the Ohio statute, the court looks to the history of the relevant sections of the United States Code and cases from other states to determine the intent of the Ohio legislature in adopting O.R.C. § 2329.-66(A)(10)(b).

The O.R.C. is virtually identical to the United States Bankruptcy Code § 522(d)(10)(E). The House Report on that section states:

Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), and benefits under a certain stock bonus, pension, profitsharing, annuity, or similar plan based on illness, disability, death, age or length of service. H.R. Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5787, 6318.

It is clear from the House Report that the key phrase in determining what Congress intended to exempt is "akin to future earnings." Therefore the court must examine each benefit plan to determine if the payments have the same characteristics as wages paid by the employer.

Perhaps the most obvious element of wages is that they are paid for by the employer. The United States Court of Appeals in *In the Matter of Johnson,* 724 F.2d 1138, 11 BCD 950, 951, BLD 69789 (5th Cir.1984) had to decide if a tax deferred annuity was exempt from the bankruptcy estate under a Texas statute which provided an exemption for life insurance policies. One of the factors considered by that court was that the employee made the contributions to the annuity as opposed to the usual arrangement where the employer pays the benefits. In the present case the debtors in an individual capacity were responsible for making the payments to I.D.S.

Another element considered by a number of courts as extremely important is the amount of control the debtor has over the funds. The concern over control is twofold. The court first notes that employees traditionally have no control over employers retirement plans and secondly they discuss the policy of preventing debtors from hiding assets from creditors. *See In re Howerton,* 21 B.R. 621, 9 BCD 296 (Bankr. N.D.Tx.1982), *In re Talbert,* 15 B.R. 536, 8 BCD 768 (Bankr.W.D.La.1981) and *In re Mace,* 4 BCD 94 (Bankr.D.Ore.1978) *cf. In re Worthington,* 28 B.R. 736 (Bankr.W.D. Ky.1983).

In the present matter the debtor has a right to withdraw the funds in the I.R.A. at any time subject only to sale and administrative expenses and tax penalties. There is no guarantee the funds will remain with I.D.S. until the debtor retires. This is a substantial departure from traditional pension plans.

Retirement plans are also generally characterized by periodic payments made to the employee, thus making them similar to receiving wages. *See Talbert supra* at 537. Here the debtor could demand a lump sum payment at anytime, unlike the periodic payments of pension plans.

Finally an important difference between I.R.A.s and employer plans is that they provide a tax deferrment to the debtor. The court in *In re Howerton,* 21 B.R. 621, 623, 9 BCD 296 (Bankr.N.D.Tx.1982) stated "This court cannot ignore the real nature of the Debtors' I.R.A.s. They are basically

tax deferrment plans over which the Debtors exercise a great deal of control." Consequently the court when considering the major differences between traditional retirement plans and I.R.A. accounts finds that they were not intended to be exempted under O.R.C. § 2329.66(A)(10)(b).

The statute was intended to exempt payments that are akin to future earnings. The language of the Code specifically includes those plans based on account of illness, disability, death, age, or length of service but at no time do they include I.R.A.s or any plan which has the elements of an I.R.A. This Court does not believe the legislature was unaware of I.R.A.s but instead views the different treatment of I.R.A.s and employer pension plans as intentional.

The court in *In re Mace*, 4 BCD 94 (Bankr.D.Ore.1978) was confronted with the argument that to not exempt an I.R.A. would be to discriminate against them. That court answered in the following manner:

> Congress did allow differences between qualified pension plans and IRAs to remain and chose to establish and regulate them according to different statutory formulas. Assignment and alienation of pension benefits is severely limited. Internal Revenue Code Section 401(a)(13). IRAs are not subject to the same limitations. *cf.* Internal Revenue Code Section 408(e)(4). Access to pension funds is restricted while an IRA depositor can withdraw funds at any time subject only to a 10 percent extra tax if he does so before reaching 59–½ [sic] of age. Congress clearly intended to reduce the tax inequities between pension plans and retirement savings, but this was only a very small part of a law to improve existing pension plans and provide greater security and vested rights for employees under qualified pension plans.

The difference in exemption between traditional pension plans and I.R.A.s that is maintained by the Code merely recognizes the unfairness of allowing a debtor to amass large sums of money which are be-

yond the reach of the creditor but not the debtor. If I.R.A.s were held exempt the debtor would be allowed to claim that the funds on deposit were reasonably necessary to providing periodic payments at retirement. However there are no restrictions that would prevent the debtor from withdrawing all of the funds immediately after discharge. This Court agrees with the court in *Howerton, supra* at 623 which said "if the debtors have the unlimited capacity to reach these funds, so does the Trustee."

Therefore, considering that Congress and presumably the Ohio Legislature because they adopted a similar statute in O.R.C. § 2329.66(A)(10)(b), designed the law to exempt payments that are akin to future earnings and that I.R.A.s do not possess the same characteristics to qualify them as a similar plan or contract, the court finds they are not exempt under O.R.C. § 2329.-66(A)(10)(b).

In light of the foregoing reasons, it is hereby,

ORDERED that the trustee's objection to debtors' claim of exemption be granted and that debtors' claim of exemption of I.R.A. funds be, and hereby is, denied.