**In Re Frederick L. HOTCHKISS, Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**OHIO CITIZENS BANK and Frederick L. Hotchkiss, Defendants.**

Bankruptcy No. 84–00108.

Adv. No. 86–0016.

United States Bankruptcy Court, N.D. Ohio, W.D.

June 17, 1987.

Mary Ann Whipple, Toledo Ohio, for debtor.

Ruth Ann Meacham, Toledo, Ohio, for defendant Ohio Citizens.

Thomas Schank, Toledo, Ohio, for trustee.

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND ORDERING TURN OVER OF FUNDS**

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Debtor/defendant's motion for summary judgment and trustee/plaintiff's response

thereto and motion for summary judgment. Upon consideration thereof, the court finds that Debtor/defendant's motion is not well taken and should be denied; that trustee/plaintiff's motion is well taken and should be granted; and that defendant Ohio Citizens Bank should turn over funds to trustee/plaintiff.

## FACTS

On January 24, 1984, Debtor filed his voluntary chapter 7 petition in bankruptcy. At that time, Debtor was an officer and shareholder of Toledo Urological Associates, Inc. (hereinafter "Corporation"). Stipulations of Fact Pertaining to Defendant Hotchkiss' Motion for Summary Judgment at 1 & 2. At that same time, Debtor was a participant in Toledo Urological Associates, Inc. Money Purchase Pension Plan (Pension Plan) and Toledo Urological Associates, Inc. Profit-Sharing Plan (Profit-Sharing Plan). Both plans were adopted by the Corporation.

On January 15, 1986, the trustee of Debtor's estate filed a complaint to compel turnover of the assets of these plans alleging that Debtor was a participant and has an interest in the funds of these plans. Debtor's estimated value of this interest is $550,000. Schedule B-4—Property Claimed as Exempt at 5A. On July 21, 1986, Debtor filed a motion for summary judgment claiming there is no genuine issue of any material fact and that Debtor's interest in these two plans does not constitute estate property pursuant to 11 U.S.C. § 541(c)(2). On August 14, 1986, plaintiff filed a response to Debtor's motion for summary judgment and motion for summary judgment contending that there is no genuine issue of any material fact and that Debtor's interest in the plans' funds is included in Debtor's estate pursuant to 11 U.S.C. § 541(a)(1).

## DISCUSSION

Bankruptcy Rule 7056 makes Rule 56 F.R.Civ.P. applicable to the instant situation. Thus, summary judgment shall be granted if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F.R.Civ.P. 56(c).

Property of Debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(a) includes all of Debtor's property, even that necessary for a fresh start. Debtor may then exempt that property necessary for a fresh start. 4 *Collier on Bankruptcy* ¶ 541.01, at 541–6 (15th ed. 1987). *See also In re Reagan*, 741 F.2d 95 (5th Cir.1984); *In re Graham*, 726 F.2d 1268 (8th Cir.1984). Even a debtor's right to receive payment from a retirement fund conditioned on termination of his employment evidences an equitable, albeit limited, but vested interest. *Reagan*, 741 F.2d at 97. Debtor does, then, have an interest in the funds of these plans. Debtor contends, though, that his interest is excluded from his bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). That section provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

This section contemplates preserving the status of traditional spendthrift trusts as enforceable under state law. *In re Daniel*, 771 F.2d 1352 (9th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985); *In re Graham*, 726 F.2d 1268 (8th Cir.1984); 4 *Collier on Bankruptcy* ¶ 541.23, at 541–109 (15th ed. 1987). Both plans contain a spendthrift provision. Memorandum in Support of Motion for Summary Judgment of Defendant Frederick L. Hotchkiss, Exhibit A at 25 & Exhibit B at 24 (hereinafter "Exhibit A" & "Exhibit B"). Thus, the first issue before the court is whether the plans constitute estate property pursuant to § 541(a)(1) or are enforceable spendthrift trusts and excluded

from Debtor's estate pursuant to § 541(c)(2).

A spendthrift trust restrains voluntary or involuntary alienation by the beneficiary of his interest in the trust, thereby prohibiting seizure of that interest by a creditor in satisfaction of its debt. *Central Nat. Bank of Cleveland v. Eells*, 5 Ohio Misc. 187, 215 N.E.2d 77 (1965). *See also In re Graham*, 726 F.2d 1268 (8th Cir.1984). The plans do contain a restriction on alienation. Exhibit A at 25; Exhibit B at 24. However, analysis of the substantive terms of the plans is necessary in determining the validity of a spendthrift trust. *In re Lichstrahl*, 750 F.2d at 1490.

A self-settled spendthrift trust may be reached by creditors. *Matter of Goff*, 706 F.2d 574 (5th Cir.1983); *In re Lichstrahl, supra;* 49 O.Jur.2d *Spendthrifts* § 8 (1961). The rationale for this allowance is that:

> there is ... a strong public policy that will prevent any person from placing his property in what amounts to a revocable trust for his own benefit which would be exempt from the claims of his creditors.

*Matter of Witlin*, 640 F.2d 661 (5th Cir. 1981). A settlor is one who creates a trust; "one who furnishes the consideration for the creation of a trust, though in form the trust is created by another." Black's Law Dictionary 1231 (5th ed. 1979).

 Both plans were adopted by the Corporation. Exhibit A at 2; Exhibit B at 2. Debtor countersigned the plans as an officer of the Corporation. Exhibit A at 29; Exhibit B at 28. He was the secretary at the time of the plans' executions. At the time of the filing of Debtor's petition, Debtor was an officer and shareholder of the corporation. Stipulation of Facts Pertaining to Defendant Hotchkiss' Motion for Summary Judgment at 1 & 2. Debtor was also a participant under both plans. *Id.* at 2. Debtor, then, is also a settlor of the plans. He is an officer and shareholder of the corporation and as such created and furnishes consideration for the trust. Exhibit A at 7; Exhibit B at 7. Because Debtor is a settlor of the plans and is also a beneficiary thereunder, the plans do not constitute valid spendthrift trusts and Debtor's interest thereunder may not be excluded from his estate pursuant to § 541(c)(2).

The plans also provide Debtor much discretion in controlling distribution.

> The degree of control that the debtor may exercise over the trust assets is a crucial factor in determining the issue of inclusion in, or exclusion from, the bankruptcy estate. If the debtor's access to the funds is relatively unfettered, exclusion from the bankruptcy estate would create a temptation to shelter assets in a trust and withraw them for personal use upon issuance of the bankruptcy discharge.

*In re Pettit*, 61 B.R. 341, 14 C.B.C.2d 1111 (Bkrtcy.W.D.Wash.1986) (citing *Matter of Goff, supra* ). *See also Lichstrahl*, 750 F.2d at 1490. To allow otherwise would permit Debtor to shelter funds in pension plans immediately before filing bankruptcy and then to permit him to withdraw the funds for his own benefit immediately upon receipt of his discharge. *Goff*, 706 F.2d at 588. *See also Daniel*, 771 F.2d at 1357.

In *In re Daniel, supra*, debtor was a physician employed by his own professional corporation and was also the director and shareholder of that corporation. He sought exemption of his interest in a pension and profit sharing plan adopted by his corporation. He was one of four beneficiaries of that plan. One of the provisions of said plan included debtor's ability to borrow against his interest. The court stated that in order to qualify for an exemption, the plan must be designed and used for retirement purposes; here debtor was able to shield and hide assets from his creditors. *See also Lichstrahl*, 750 F.2d 1488 (pension plans of debtor's corporation, of which debtor was sole director, officer and stockholder, not excluded nor exempt from his bankruptcy estate); *Graham*, 726 F.2d 1268 (debtor, who was sole stockholder, director and officer of own professional corporation unsuccessfully sought exclusion or exemption of his interest in profit sharing plan).

Debtor, as previously stated, is both an officer and a shareholder of the corporation. As such, Debtor is able to exercise control over the trust assets as the corporation determines the contribution for its participants. Exhibit A at 7; Exhibit B at 7. The corporation, of which Debtor is an officer and shareholder, also controls termination of the plan. Exhibit A at 13; Exhibit B at 12. Furthermore, Debtor, as a participant under the plans, is eligible to receive a loan, default of which results in a loss of Debtor's vested interest. Exhibit A at 18; Exhibit B at 17. Debtor may also, as a participant, make individual voluntary contributions. Exhibit A at 16; Exhibit B at 15. While debtor as beneficiary is prohibited from alienating his interest, he, as an officer, a shareholder and a settlor, can amend or terminate the plans. Given these provisions, Debtor's degree of control is relatively unencumbered.

Additionally, Debtor's ability to make individual voluntary contributions and to effect the employer contributions, the plans provide a possible shelter of funds from Debtor's creditors. If allowed as a spendthrift trust, Debtor would be able to withdraw the amount of his interest after the close of his case. Furthermore, the plans provide for distribution upon retirement. Exhibit A at 4; Exhibit B at 4. Debtor could, then, terminate his employment, receive his distribution, and then rehire himself. This possibility also evidences Debtor's degree of control over the plans.

Because Debtor is both a settlor and beneficiary of the plans and because Debtor has control over distribution of the plans' funds, the plans are not enforceable spendthrift trusts. Debtor's interest in these plans may not, therefore, be excluded from his estate pursuant to 11 U.S.C. § 541(c)(2). Instead, Debtor's interest in these plans constitutes estate property as provided for in § 541(a).

Debtor cites *In re Wiggins*, 60 B.R. 89, 14 C.B.C.2d 1136 (Bkrtcy.N.D.Ohio 1986) to support his position that his interest in these plans is not included in his estate. However, *Wiggins* is not controlling in this situation. In *Wiggins* the court held that debtor's interest in the pension plan would not be included in his estate unless his employment was terminated during the pendency of his bankruptcy case. In the instant situation, Debtor is the employer, not merely an employee. He has control not only over the term of his employment, but also the rehiring of himself. Because Debtor is in control of his employment, *Wiggins* is inapposite to the instant situation.

The next issue, then, concerns Debtor's ability to exempt this interest pursuant to O.R.C. § 2329.66 as Ohio has "opted out" of the federal exemptions provided in 11 U.S.C. § 522. O.R.C. § 2329.66. Subdivision (A)(10)(b) of that statute provides:

[e]very person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order as follows:

\* \* \* \* \* \*

(10)(b) ... the person's right to receive a payment under any pension, annuity, or similar plan or contract, *not including a payment from a stock bonus or profit sharing plan* ... on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the person and any of his dependents, except if all the following apply:
(i) the plan ... was established by ... an insider that employed the person at the time his rights under the plan ... arose;
(ii) the payment is on account of age or length of service;
(iii) the plan ... is not qualifed under the "Internal Revenue Code of 1954" ... as amended. (emphasis added)

The statutue, then, specifically prohibits Debtor from exempting his interest in the profit sharing plan. *See also In re Kelley*, 31 B.R. 786 (Bkrtcy.N.D.Ohio 1983) (profit sharing plan is excluded from statutory exemptions).

The statute provides that a person's right to receive payment under any pension plan may be exempt to the extent reasonably necessary for the support of the per-

son and his dependents, unless the plan was established by an insider; the payment is on account of age or length of service; and the plan is not qualified under the Internal Revenue Code. The parties stipulated that the pension plan is an ERISA qualified employee benefit plan. See Response to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment at 2. Because the third factor, the plan is not qualified, is not met, analysis of the other two factors is not necessary.

However, analysis of the other limitation results in a contrary conclusion. Debtor may only exempt his right to receive payment under the pension plan to the extent reasonably necessary for his or his dependent's support. O.R.C. § 2329.66(A)(10)(b) parallels the exemption set forth in 11 U.S.C. § 522(d)(10)(E). The court looks, then, to the history of that code section to determine the intent of the Ohio legislature in adopting O.R.C. § 2329.66(A)(10)(b). *See In re Fichter*, 45 B.R. 534 (Bkrtcy.N.D. Ohio 1984).

> [11 U.S.C. § 522(d)(10)(E) ] exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), and benefits under a certain stock bonus, pension, profit sharing, annuity, or similar plan based on illness, disability, death, age or length of service.

H.R.Rep. No. 595, 95th Cong., 2d Sess. 362, *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 6318. The key factor is whether Debtor's interest in the pension plan is "akin to future earnings." *Fichter*, 45 B.R. at 537. *See also Pettit*, 61 B.R. at 547.

In *Fichter*, the court considered if the pension payments were analogous to wages. To make such a determination, the court considered the source of the funds and Debtor's control over the funds. As previously discussed, the source of the funds is the corporation of which Debtor is an officer and shareholder. In that capacity, Debtor also has much control over the funds. Thus, applying the factors set forth in *Fichter*, Debtor may not exempt his interest in the pension plan.

Another court, in determining the amount reasonably necessary for the support of the debtor and any dependents have considered debtor's age, health, future earning capacity and necessary expenditures. *Matter of Kochell*, 26 B.R. 86, 9 B.C.D. 1329 (Bkrtcy.W.D.Wis.1982) *aff'd* 31 B.R. 139 (W.D.Wis.1983). The record does not reflect Debtor's age or necessary expenditures. It is presumed that Debtor is in good health inasmuch as his petition does not reflect debts incurred from medical services. Debtor lists his income from his profession as a physician as $155,000 in 1983 and $160,808 for 1982. Statement of Financial Affairs for Debtor not Engaged in Business at 1. There appears to be no indication that Debtor's earnings may diminish in the future. Based on Debtor's past earnings and the absence of evidence indicating a reduction in Debtor's future earnings, the court finds that Debtor's interest in the pension plan is not reasonably necessary for his support. Additionally, as previously stated, Debtor could terminate his employment, receive distribution of his interest, then rehire himself.

Because Debtor's interest in the pension and profit sharing plans of the Toledo Urological Associates, Inc. is not excluded from his estate and because this same interest may not be exempted, it is therefore

ORDERED that Debtor/defendant's motion for summary judgment be, and it hereby is, denied. It is further

ORDERED that trustee/plaintiff's motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that defendant Ohio Citizens Bank turn over to trustee/plaintiff the funds in Debtor/defendant's pension and profit sharing plans held on January 24,

1984, the date of the filing of Debtor/defendant's voluntary petition.