In Re Richard L. KLUETER and
Donna J. Klueter, Debtor(s).

John J. HUNTER, Trustee, Plaintiff(s),

v.

Richard L. KLUETER, et al.,
Defendant(s).

Bankruptcy No. 86–0257.
Related Case No. 86–00040.

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 23, 1987.

John J. Hunter, Hunter & Schank, Toledo, Ohio, trustee.

Kenneth Baker, Toledo, Ohio, for debtor.

## ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Trustee's Motion for Summary Judgment on the issue of whether Mr. Klueter's interest in an Employee Investment Program account should be included in the Debtors' estate. A Pre-Trial was held on this matter, which both the Trustee and Debtors' council attended. The trustee filed a Motion for Summary Judgment on this issue. The Debtor has not responded to the Motion for Summary Judgment. The Court has reviewed the arguments, and the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Motion for Summary Judgment should be granted.

## FACTS

The Jeep Corporation (hereafter "Jeep") and the United Automobile Worker's Local No. 12 entered into an agreement designed to provide capital investment for Jeep by deferring employee compensation. Under the agreement, the employees are entitled to earn participation credits in return for their foregoing payment of certain pay increases. These participation credits are placed in what is known as an Employee Book Account. The book account balance is to be paid as the company profits permit, based on a formula. The agreement provides for the accumulation of credits to cease on January 6, 1985. Payments on the accounts were to begin on January 1, 1985 and are to continue through December 31, 1988. The payments are currently being made. It appears that it is theoretically possible that accounts may not be paid off in full during the life of the plan. Presumably, any balance due after 1988 would not be paid at all. Employees who leave the company do, however, continue to have rights to the payments of their respective book account balances, the same as current employees. But, the book account balances are not transferable except by operation of law, or upon the employee's death.

The Debtors filed for relief under 11 U.S.C. Chapter 7 on January 8, 1986. The Trustee filed an Adversary Complaint on November 17, 1986 seeking to have the Employee Investment Program (hereinafter "EIP") funds paid to the Trustee. The Trustee argues that the EIP account is part of the Debtors' estate and should be used to pay creditors. The Trustee has filed a copy of the text of the agreement with supporting affidavit.

## LAW

Summary Judgment is properly granted when the Movant can demonstrate that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056 and Fed.R.Civ.P. 56. However, Movant must be able to demonstrate all the elements of a cause of action in order to prevail. *In re Hartwig Poultry, Inc.,* 57 B.R. 549, 551 (Bankr.N.D.Ohio 1986). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel,* 72 B.R. 253, 256 (Bankr.N.D.Ohio 1987).

The Trustee argues that the EIP account is part of the Debtor's estate pursuant to 11 U.S.C. § 541(a), which states in pertinent part:

§ 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

In the case at bar, the EIP account is a fund in which the Debtor has an interest. The Debtors' interest being a right to pay-

ment under the formula negotiated in the agreement. Such a right to payment should be part of the estate under § 541. Further, all participation credits were earned pre-petition, so no allocation is necessary.

■ The restriction on the transfer of the account under the agreement would appear to be ineffective in preventing the account from becoming part of the estate. *See* § 541(c)(1)(A). Additionally, the agreement itself provides that the employees interest is not transferable "except by operation of law". Employee Investment Plan, Section VII, page 12. Section 541 of the Bankruptcy Code creates the Debtor's estate by operation of law, and with § 543, gives the Trustee the power to compel the turnover of funds which are part of the estate.

■ Although it might be argued that the employee investment plan is excluded from the bankruptcy estate under 541(c)(2), such an assertion could not be sustained. 11 U.S.C. § 541(c)(2) states in pertinent part:

> (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title.

This provision was intended to protect spendthrift trusts which are enforceable under state law. As is stated in the House Report:

> ... Paragraph (2) of subsection (c), however, preserves restrictions on transfer of a spendthrift trust to the extent that the restriction is enforceable under applicable nonbankruptcy law.

*House Report* No. 95–595, 95th Cong., 1st Sess. 369 (1977); *Senate Report* No. 95–989, 95th Cong., 2d Sess. 83 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787, 5869, 6325.

> Section 541(c)(2) follows the position taken in the House bill and rejects the position taken in the Senate amendment with respect to income limitations on a spendthrift trust.

124 Cong.Rec.H. 11,096 (September 28, 1978); S 17,413 (October 6, 1978).

The funds to pay the EIP accounts were not held in trust. They were used as operating capital by Jeep and were to be paid back later out of profits. These facts also foreclose any argument based on this Court's decision in *In re Wiggins*, 60 B.R. 89 (Bankr.N.D.Ohio 1986). In *Wiggins*, this Court held that § 541(c)(2) includes, in appropriate cases, qualified Employee Retirement Income Security Act (hereinafter ERISA) plans subject to anti-alienation clauses enforceable under state law. The Jeep EIP accounts are not part of a qualified ERISA plan because the funds were not held in trust. Moreover, as noted earlier, there is no effective anti-alienation clause in the agreement. The EIP account is simply a debt owed to the Debtor because of a deferral of compensation. Thus, under § 541(a), the funds became part of the Debtor's estate upon the filing of the petition, and are not covered by the § 541(c)(2) exception. *Matter of Osburn*, 56 B.R. 867 (Bankr.S.D.Ohio 1986); *Matter of Kelley*, 31 B.R. 786 (Bankr.N.D.Ohio 1983); *In re Hotchkiss*, 75 B.R. 115 (Bankr. N.D.Ohio 1987).

Therefore, it is ORDERED that the Plaintiff-Trustee's Motion for Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that Jeep Corporation pay all future Employee Investment Program payments due to Richard L. Klueter to the Trustee of Mr. Klueter's bankruptcy estate.