**STEVES & SONS, INC., Appellant,**

v.

**HOUSE OF DOORS, INC., W.A. Wolma and United Fidelity Life Insurance Company, Appellees.**

No. 04–87–00542–CV.

Court of Appeals of Texas, San Antonio.

March 9, 1988.

Rehearing Denied April 14, 1988.

Sam Drugan, William F. Kessler, Jr., San Antonio, for appellant.

Earle Cobb, Jr., Robert Summers, San Antonio, for appellees.

Before BUTTS and CHAPA, JJ., and GERALD T. BISSETT, Assigned Justice.

\* Assigned by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE

## OPINION

GERALD T. BISSETT, Assigned Justice \*.

This is an appeal by Steves & Sons, Inc., garnishor in the trial court and appellant in this Court, from a take nothing judgment in a suit in which appellant, as a judgment creditor, garnished the cash proceeds and accrued interest deposited to an Individual Retirement Annuity contract issued by United Fidelity Life Insurance Company to W.A. Wolma. The sole issue in this case is whether the contract was a life insurance policy and therefore exempt from garnishment, or whether it was an investment contract and, as such, was not exempt from garnishment.

On April 1, 1981, United Fidelity Life Insurance Company issued a "Single Premium Deferred Annuity Non–Participating" policy to W.A. Wolma. Stamped thereon was the following:

> The policy is subject to multiple restrictions to conform to the provisions of Internal Revenue Code Section 408(b) for Individual Retirement Annuities.

The contract named W.A. Wolma as "Annuitant" and as "Owner." Its maturity date was April 1, 1989. The single premium for the policy was $34,567.00, which was paid in cash by W.A. Wolma on the date of issue. His wife, Ruby R. Wolma, was named "Beneficiary" in the policy.

The original policy, in pertinent part, recited:

> UNITED FIDELITY LIFE INSURANCE COMPANY OF DALLAS agrees to pay to the Annuitant, if living on the Maturity Date of this contract, the Amount of Monthly Income stated herein beginning on the stated Maturity Date and continuing during the lifetime of the Annuitant, except that in the event of the death of the Annuitant prior to having received 120 such monthly payments, such monthly payments will be continued to the beneficiary named herein until a

ANN. § 74.003(b) (Vernon 1988).

total of 120 monthly payments in all shall have been paid under this contract.

If the death of the Annuitant occurs prior to the Maturity Date and while this contract is in force, the Company will pay to the beneficiary an amount equal to the Accumulation Value of this contract, immediately upon receipt at its Home Office in Dallas, Texas, of due written proof of such death, all subject to the terms and conditions of this contract.

Steves & Sons, Inc. (hereinafter "appellant") is the owner of a final judgment against W.A. Wolma in the principal sum of $50,000.00, and is the owner of a final judgment against House of Doors, Inc., in the principal sum of $98,126.26. This judgment was signed on September 24, 1986. On April 27, 1987, appellant filed an application for writ of garnishment against United Fidelity Life Insurance Company, which filed an answer on May 11, 1987, wherein it admitted that on April 27, 1987, "it was indebted to William A. Wolma in the amount of $39,314.85, the same being the cash proceeds and accrued interest deposited to an individual roll-over IRA annuity." It did not pay such proceeds into the registry of the trial court, but did agree "to promptly pay over said funds upon the order of this Court." A hearing was held on the application on July 8, 1987; attorneys for appellant, United Fidelity Life Insurance Company and W.A. Wolma were present and participated in the proceedings. The take nothing judgment was signed on August 3, 1987.

Appellant has perfected an appeal from the judgment. W.A. Wolma (hereinafter "Wolma"), as "appellee," has filed a brief in this Court. Neither House of Doors, Inc. nor Union Fidelity Life Insurance Company (hereinafter "the Company"), garnishee in the trial court, filed briefs in this Court.

The record does not show that either Wolma or House of Doors, Inc. filed written opposition to appellant's application for a writ of garnishment. There are no pleadings by anyone claiming that the Individual Retirement Annuity contract, or its cash surrender value, was exempt property under the Texas Property Code.

Findings of fact and conclusions of law were filed by the trial judgment. They read:

## FINDINGS OF FACT

### I.

The contract under which Plaintiff seeks to recover in this garnishment proceeding consists of money or benefits to be paid or rendered on a weekly, monthly or other periodic or installment basis to the insured or any beneficiary under a policy of insurance issued by UNITED FIDELITY LIFE INSURANCE COMPANY, including mutual and fraternal insurance, or under a plan or program of annuities in benefits in use by an employer.

### II.

The contract under which Plaintiff seeks recovery in this garnishment proceeding consists of a person's right to the assets held in or to receive payments, under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract, including a retirement plan for self-employed individuals, or under an individual retirement annuity, including a simplified employee pension plan.

## CONCLUSIONS OF LAW

### I.

The property which Plaintiff seeks to garnish is exempt under Section 42.001.

### II.

The property which Plaintiff seeks to garnish is exempt under Section 42.0021 of the Property Code.

■ Appellant, in its first point of error, contends that the trial court erred in holding that the Individual Retirement Annuity was exempt personal property under the provisions of §§ 42.001 and 42.002(7) of the Texas Property Code. Those two sections, in pertinent part, provide:

§ 42.001. Personal Property Exemption.

(a) Eligible personal property that is owned by a family and that has an aggregate fair market value of not more than $30,000.00 is exempt from attachment, execution, and seizure for the satisfaction of debts, except for encumbrances properly fixed on the property.

§ 42.002. Personal Property Eligible for Exemption.

The following personal property is eligible for the exemption.

(7) The cash surrender value of any life insurance policy in force for more than two years to the extent that a member of the insured person's family or a dependent of the single person claiming the exemption is a beneficiary of the policy; ...

We have not found a single case similar to the one at bar which has been presented to the appellate courts of Texas, nor have counsel for the parties to this appeal cited such a case to us. However, the Bankruptcy Court, in *In re Howerton*, 21 B.R. 621 (Bankr.N.D.Tex.1982), dealt with Individual Retirement contracts and claims of exemption. In that case, James and Blanch Howerton established Individual Retirement Annuity contracts through Dixie National Life Insurance Company. When they filed Bankruptcy, they claimed that the Individual Retirement Annuity contracts were life insurance policies and exempt under Texas law. The trustee contested that claim. There, as in this case, the Howertons (debtors) argued that the Individual Retirement Annuity contracts were actually life insurance policies, because they were issued by a life insurance company, and, therefore, exempt under Texas law. The Court dismissed that argument and held that the "policy is not necessarily a life insurance policy simply because a life insurance company issued it."

The debtors in *Howerton* also argued that the contracts were life insurance policies because the Individual Retirement Annuity pays benefits based on the continued life of the insured. The Court disagreed. In distinguishing a life insurance policy from an annuity, the Court said:

Both life insurance and annuity contracts may take various forms, but the heart of the distinction between them is this: life insurance is a promise to pay a sum certain on the death of the insured and an annuity is essentially a form of investment which pays periodically during the life of the annuitant or during a term fixed by contract rather than on the occurrence of a future contingency.

In *Howerton*, as in the instant case, the only benefits paid are based on the net cash value of the Individual Retirement Annuity contract at its maturity date. The benefit paid to a beneficiary in the event of the death of the annuitant prior to the maturity date is merely payment of the unpaid portion of the annuitant's investment and is not a traditional death benefit paid to a beneficiary under a life insurance policy.

The Individual Retirement Annuity contract, at issue in this appeal, is a single payment annuity, whereby Wolma purchased the annuity which is to be paid to him as therein provided. In some respects it is similar to a life insurance policy. However, the annuity contract is an investment made primarily for the benefit of the annuitant, while a life insurance policy is primarily for the benefit of a third person (beneficiary). Rather than a death benefit paid to the beneficiary upon the death of the insured, the annuity contract provides for a series of monthly insurance payments to be paid to the annuitant for the remainder of his life, if living at the maturity date. If he is not living at the date of maturity, or if he dies prior to having received 120 such monthly benefits, then the beneficiary shall be paid the remaining benefits until a total of 120 payments in all shall have been paid under the contract. Those provisions clearly indicate that the contract was for the benefit of the annuitant, not the beneficiary. Nothing in the contract indicates that the annuitant intended to purchase insurance in which the risk contemplated and insured against is the death of the insured, which, when it occurs, provides for the payment of a benefit to the beneficiary.

**176**

We hold that the annuity contract is an investment; it is not a life insurance contract. *See Daniel v. Life Ins. Co. of Virginia,* 102 S.W.2d 256, 260 (Tex.Civ.App.—Austin 1937, no writ). It is not exempt under TEX.PROP.CODE ANN. §§ 42.001 and 42.002(7) (Vernon 1984). Appellant's first point of error is sustained.

■ Next, appellant claims that the trial court erred in concluding that the Individual Retirement Annuity contract was exempt under § 42.0021 of the Texas Property Code. We agree.

That section of the Texas Property Code is a newly enacted amendment which exempts certain retirement plans from attachment, execution, and seizure for the satisfaction of debts. 1987 Tex.Sess.Law Serv., ch. 376, § 1, at 3735 (Vernon). However, this new section became effective on September 1, 1987. It was not in effect at the time this lawsuit was filed, nor was it in effect at the time judgment was signed. There is nothing in this section of the Texas Property Code which states that it is to be applied retroactively.

The record does not indicate that Wolma, at any time pertinent to this appeal, had filed a petition in bankruptcy, nor was there any showing that anyone had placed him in involuntary bankruptcy. We hold that § 42.0021 of the Texas Property Code, which does create an exemption for such annuities levied *after* September 1, 1987, does not authorize or support the take-nothing judgment in this case, which was signed on August 3, 1987. Appellant's second point of error is sustained.

Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court with the instruction that it grant appellant's "Application for a Writ of Garnishment," and render judgment requiring United Fidelity Life Insurance Company, garnishee, to pay to Steves & Sons, Inc., garnishor, the sum of $39,314.85, and accrued interest thereon, if any, being the cash proceeds and accrued interest deposited to W.A. Wolma's Individual Retirement Annuity, not to exceed $50,000.00, plus accrued interest thereon, and the amount of attorney's fees awarded Steves & Sons,

Inc., in the judgment against W.A. Wolma, signed on September 24, 1986, in the case of "Steves & Sons, Inc. v. W.A. Wolma, et al.," and docketed as Cause No. 86–CI–05503, in the 131st District Court of Bexar County, Texas.

The judgment of the trial court is reversed and the cause is remanded to the trial court.