In re Gordon H. MOFFAT, Debtor.

Gordon H. MOFFAT, Appellant,

v.

David Richard HABERBUSH, Appellee.

No. 90–56134.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1991.

Memorandum Filed Dec. 12, 1991.

Order and Opinion Filed March 20, 1992.

---

[1]. The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota.

Richard M. Moneymaker, Moneymaker & Kelley, Los Angeles, Cal., for appellant.

Peter C. Anderson, Roquemore, Pringle & Moore, Los Angeles, Cal., for appellee.

Before BROWNING, ALARCON and T.G. NELSON, Circuit Judges.

**1.** The bankruptcy court decision is reported at *In re Moffat,* 107 B.R. 255 (Bankr.C.D.Cal.1989).

## ORDER

The memorandum disposition filed December 12, 1991, is redesignated as an authored opinion by Judge T.G. Nelson with minor modifications within the text.

## OPINION

T.G. NELSON, Circuit Judge:

Debtor Dr. Gordon H. Moffat appeals from the Bankruptcy Appellate Panel's (BAP's) affirmance of the bankruptcy court's determination [1] that the annuity at issue is a matured annuity and not reasonably necessary to support the debtor and his spouse, and therefore not exempt from inclusion in the bankruptcy estate under California Code of Civil Procedure (C.C.P.) § 704.100. We affirm.

On February 28, 1988, debtor borrowed $300,000 against his home and used $190,000 of the proceeds to purchase a single premium immediate annuity, naming himself as the annuitant and his wife as the contingent beneficiary. The issue date of the annuity was June 28, 1988, and the effective date was July 1, 1988. Debtor chose to have the payout period for the 40 quarterly payments of $4,370.00 commence on October 1, 1988, following the filing date of his Chapter 7 bankruptcy petition on September 21, 1988.

After independent review, we agree with the BAP that the payout date chosen by the debtor cannot rationally be deemed to make the policy unmatured as of the date of filing the bankruptcy petition. The annuity policy provided for immediate payment following bankruptcy planning. Given the debtor's enforceable right to receive payments and the absence of conditions to the company's obligation to pay, the annuity matured on its effective date, July 1, 1988, prior to the September 21, 1988, petition. The annuity and the California statute would have to be interpreted more than liberally to uphold the claim of exemption by the debtor in this case.

BAP's opinion is found at *Moffat v. Habberbush* (sic), 119 B.R. 201 (9th Cir.BAP 1990).

We have considered, and are not persuaded by, debtor's argument that the trustee stipulated in court that the policy was unmatured. *See Habberbush*, 119 B.R. at 205–206. (A review of the record indicates that the trustee "disputed that the annuity was not matured on the date of the petition" following the statement that gave "rise to the purported Stipulation.")

In addition, unlike *In re Cheng*, 943 F.2d 1114 (9th Cir.1991), there is no conflict in this case between the bankruptcy court's approach and the plain language of the statute. We need not and do not reach the issue of whether the policy is exempt because the purchase was allegedly not a fraudulent conveyance.

■ Benefits from matured life insurance policies, including annuity policies, "are exempt to the extent reasonably necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor." C.C.P. § 704.100(c). However, given the debtor's assets, income and living expenses, and other evidence at trial, the bankruptcy court did not clearly err in finding the annuity payments were not reasonably necessary for the support of debtor and his wife. As the bankruptcy court explained, "[i]f debtor has excessively incumbered his residence with consensual liens, he may lose the residence, or he may use the $7,900.00 gross monthly income he and his wife have from their work and other sources to continue paying the higher monthly mortgage." *In re Moffat*, 107 B.R. at 262.

AFFIRMED.