**In re Frances PIKUSH, Debtor.**

**James L. KENNEDY, Chapter 7 Trustee, Appellant,**

v.

**Frances PIKUSH; First San Antonio Capital; Resolution Trust Corporation, Receiver of Occidental Nebraska; United States Trustee, Appellees.**

**BAP No. SC–92–2124 ORJe.
Bankruptcy No. 91–07050–A7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 18, 1993.

Decided Aug. 12, 1993.

Ross G. Simmons, San Diego, CA, for appellant.

Frederick C. Phillips, San Diego, CA, for appellees.

Before: OLLASON, RUSSELL, and JELLEN,[1] Bankruptcy Judges.

### OPINION

JELLEN, Bankruptcy Judge:

The bankruptcy court ruled over the objection of James L. Kennedy, trustee in bankruptcy, that three single-premium annuity contracts that the debtor had purchased for cash prior to the date of her Chapter 7 petition were exempt. The trustee appeals. We reverse.

### I. FACTS

Before filing her voluntary petition under Chapter 7 of the Bankruptcy Code, debtor sold her non-exempt interest in a real property partnership and realized net cash proceeds of approximately $300,000. Debtor then used $250,000 of these proceeds to purchase three single-premium annuity contracts, and named herself as the primary beneficiary. The annuity contracts presently yield a combined income of approximately $2,770 per month. Two of them run for a fixed term of ten years, and the third runs for a fixed term of five years. Debtor purchased the annuity contracts on three occasions over the seven months prior to the filing.[2]

---

1. The Honorable Edward D. Jellen, Bankruptcy Judge, Northern District of California, sitting by designation.

2. The annuity contracts are more specifically described as follows:

After the debtor filed her Chapter 7 petition on June 24, 1991, debtor scheduled the three annuity contracts as exempt pursuant to California Code of Civil Procedure section 704.100(c) (West 1987), (hereinafter "section 704.100(c)"), which provides as follows:

> Benefits from matured life insurance policies (including endowment and annuity policies) are exempt to the extent reasonably necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor.

The trustee filed a timely objection, arguing that the annuity contracts were not exempt because they did not qualify as life insurance policies.[3] The bankruptcy court overruled the objection, and held that the benefits under the annuity contracts were exempt. The trustee then filed this appeal.

## II. ISSUE

Whether the bankruptcy court erred in ruling that the annuity contracts were exempt.

## III. STANDARD OF REVIEW

■ The issue is one of statutory interpretation, and is thus a question of law subject to *de novo* review. *In re Wade*, 115 B.R. 222, 225 (9th Cir. BAP 1990); *In re Holm*, 931 F.2d 620, 622 (9th Cir.1991).

## IV. DISCUSSION

■ The language of section 704.100(c), its legislative history, and other available authorities all lead us to the conclusion that the annuity contracts at issue are not exempt. We begin by examining the language of the statute. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990). Section 704.100(c) creates an exemption for benefits from "matured life insurance policies (including endowment and annuity policies)." Because the statute mentions endowment policies and annuity policies only parenthetically, after the word "including," the logical construction is that the endowment policies and annuity policies referenced are only those that come within the general category of "life insurance policies." Had the California legislature intended to create an exemption for all endowment policies and annuity policies, whether or not they are life insurance policies, it presumably would have enacted a statute that exempted "matured life insurance, endowment and annuity policies."

We can reach the same conclusion by a different route. California Insurance Code section 22 (West 1972) defines insurance as "a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or an unknown event." In the case of life insurance, the contingent or the unknown event is mortality. *California Insurance Law and Practice*, section 20.20[2][a] (Matthew Bender 1993) (hereinafter, *"California Insurance"*). An annuity, by contrast, is a right to receive fixed, periodic payments, either perpetually or for life or a stated period of time. *California Insurance* at section 20.20[1]. Thus, annuities are more

---

1. Annuity Contract # A2004821, Prudential Insurance Company of America; Debtor as Owner/Payee.
(a) Purchase price: $100,000.00
(b) Contract issuance: December 27, 1990
(c) Term certain: 10 years/120 payments
(d) First payment: February 1, 1991
(e) Monthly payment: $747.70
2. Annuity Contract # 5118968–6, The Manufacturers Life Insurance Company; Debtor as Owner/Payee.
(a) Purchase price: $100,000.00
(b) Contract issuance: June 1, 1991
(c) Term certain: 10 years/120 payments
(d) First payment: June 15, 1991
(e) Monthly payment: $1,118.74

3. Annuity Contract # 5118988–4, The Manufacturers Life Insurance Company; Debtor as Owner/Payee.
(a) Purchase price: $50,000.00
(b) Contract issuance: July 1, 1991 (although purchased prepetition)
(c) Term certain: 15 years/60 payments
(d) First payment: July 19, 1991
(e) Monthly payment: $903.63

3. The parties agree that debtor's exemptions are governed by California law. *See* Bankruptcy Code section 522(b)(2). The parties also agree that the benefits under the annuity contracts are "reasonably necessary for the support of the ... debtor" within the meaning of section 704.-100(c).

in the nature of investments rather than insurance. *California Insurance* at section 20.20[2][a]. "Endowment insurance" has been defined as "a contract to pay the assured ... a specified sum of money at the termination of a certain designated period, if [the assured] is then living, but to a person named if [the] assured dies before the specified time." *Couch on Insurance 2d*, (Rev. ed.), section 1:46 (1984).

It follows that a life insurance policy will not necessarily be an endowment or an annuity policy. Nevertheless, a life insurance policy may have some of the significant features of an endowment or annuity policy. *See* California Insurance Code section 10170 (West 1972).[4] For example, a life insurance policy might provide for the beneficiary to receive, or permit the beneficiary to elect to receive, periodic payments in the form of an annuity, rather than a lump sum, upon the death of the insured.[5] Similarly, a life insurance policy would have the attributes of an endowment if it included an undertaking to pay the stipulated sum to the beneficiary only if the insured dies within a specified term.

Given the foregoing, we believe that the parenthetical in section 704.100(c) was intended to clarify that life insurance that includes the essential features of an annuity or endowment policy does not lose its exempt character.[6]

4. California Insurance Code section 10170 provides, in relevant part, as follows:

An insurance upon life may be made payable:
(a) On the death of the insured.
(b) On his surviving a specified period.
(c) Periodically as long as he lives.
(d) Otherwise contingently on the continuance or determination of life.
(e) Upon such terms and conditions and subject to such restrictions as to revocation by the policyholder and control by beneficiaries as shall have been agreed to in writing by the insurer and the policyholder. If no terms and conditions have been agreed to by the insurer and the policyholder during the insured's lifetime then upon such terms and conditions and subject to such restrictions as may be agreed to in writing by the insurer and the beneficiaries....

5. *See* California Insurance Code section 10170. *See also California Insurance* at 21.05[2], stating "provisions considered standard in life insur-

Our construction of section 704.100(c) is also supported by its legislative history. The California legislature enacted section 704.100 in 1982 (operative July 1, 1983) on the recommendation of the California Law Revision Commission. California Law Revision Commission, *Tentative Recommendation Proposing the Enforcement of Judgments Law* (October, 1980) (hereafter, *"Recommendation"*). Section 704.100 replaced California Code of Civil Procedure section 690.9, which exempted "all moneys, benefits, privileges, or immunities, accruing or in any manner growing out of any life insurance" in an amount resulting from payment of a $500 annual premium (with an additional exemption in the same amount in favor of the insured's spouse or minor children). Section 690.9 did not mention endowment or annuity policies, although endowment and annuity policies that qualified as life insurance were included within the exemption. *Recommendation*, p. 2084, fn. 244.[7]

Nowhere in its *Recommendation* does the California Law Revision Commission suggest that the repeal of Code of Civil Procedure section 690.9 and the enactment of section 704.100 would create a new exemption for annuity policies and endowment policies of all kinds. Rather, the *Recommendation* states the following:

ance policy contracts include ... a provision allowing a beneficiary to elect a method for payment of proceeds such as a lump sum payment or an annuity option."

6. For an example of a reported decision in which the court allowed a claim of exemption for life insurance that had been challenged because it had the features of an endowment, *see Briggs v. McCullough*, 36 Cal. 542 (1869). *See also Turner v. Bovee*, 92 F.2d 791 (9th Cir.1937). For an example of a reported decision in which the court allowed a claim of exemption for a life insurance policy that had been challenged because it had the features of an annuity, *see Provident Trust Co. v. Rothman*, 321 Pa. 177, 183 A. 793 (1936).

7. The relevant portion of the text of fn. 244 to the *Recommendation* states with reference to former California Code of Civil Procedure section 690.9: "The exemption also applies to endowment and annuity policies. *See Hing v. Lee*, 37 Cal.App. 313, 318, 174 P. 356, 357 (1918)."

The proposed law eliminates the arbitrary feature of existing law which exempts benefits to the extent represented by a $500 annual premium. The existing standard can result in widely varying exempt amounts depending upon the type of policy (*e.g.*, straight life, endowment, or annuity), the type of insurer (*e.g.*, private, group, industrial, government), the age of the insured when the policy was taken out, and the length of coverage, but having no relation to the needs of the judgment debtor or the judgment debtor's family.

*Id.* at 2083 (footnote indicators omitted).

Thus, section 704.100 was enacted to eliminate the inequities that arose from application of the $500 premium standard to various types of life insurance policies, including annuity and endowment life insurance policies, and not to add or create a new exemption for annuities.[8]

*In re Moffat,* 959 F.2d 740 (9th Cir.1992), the decision on which the bankruptcy court relied to uphold debtor's claim of exemption, is not to the contrary. In *Moffat,* the debtor had purchased a single-premium annuity before he filed his Chapter 7 petition, and arranged for the payments to begin after the date of the petition. *Id.* at 741. The debtor claimed the annuity as exempt under California Code of Civil Procedure section 704.100(a), contending that the policy was "unmatured" at the date of the petition, and thus not subject to the "reasonably necessary for ... support" limitation of section 704.100(c).[9] The bankruptcy court sustained the trustee's objection, holding that the annuity was "matured," that section 704.100(c) was therefore the governing provision, and that the annuity was not necessary for the support of the debtor and his spouse. 959 F.2d at 741–42. On appeal, the only issues that the *Moffat*

court addressed were whether the annuity was "matured" and whether it was reasonably necessary for the support of the debtor and his spouse. The court affirmed, resolving both issues in favor of the trustee.

Although the unstated assumption in *Moffat* was that the annuity would have been exempt, had it been necessary for the support of the debtor and his spouse, the court never addressed the question here, which is whether an annuity policy must qualify as life insurance for it to come within the exemption provided by section 704.100(c). As the Ninth Circuit Court of Appeals has stated, "Such unstated assumptions on non-litigated issues are not precedential holdings binding future decisions." *Sakamoto v. Duty Free Shoppers, Ltd.,* 764 F.2d 1285, 1288 (9th Cir.1985), *cert. denied* 475 U.S. 1081, 106 S.Ct. 1457, 89 L.Ed.2d 715 (1986). *See also, United States v. L.A. Tucker Truck Lines,* 344 U.S. 33, 37–38, 73 S.Ct. 67, 69–70, 97 L.Ed. 54 (1952) and other cases cited in *Sakamoto* at p. 1288.

Debtor's primary argument for a contrary construction of section 704.100(c) is grounded on California Insurance Code section 101 (West 1972), which provides: "Life insurance includes insurance upon the lives of persons or appertaining thereto, and the granting, purchasing, or disposing of annuities." In *Texas Commerce Bank v. Garamendi,* 11 Cal.App.4th 460, 14 Cal.Rptr.2d 854 (1992), the court held that "annuities" in section 101 was not modified by "upon the lives of persons or appertaining thereto." Thus, "life insurance" for purposes of Insurance Code section 101 includes annuities that are not life insurance. Debtor's specific contention is that we must apply the broad definition of "life insurance" in the California Insurance Code to section

**8.** Similar cases in other jurisdictions have held that annuities that were functionally dissimilar to life insurance policies fell outside the scope of their particular exemption statutes. *See In re Fichter,* 45 B.R. 534, 535–36 (Bankr.N.D.Ohio 1984) construing an Ohio statute that exempted "[a]ll contracts of life or endowment insurance or annuities upon the life of any person ..."; *See also In re Stutterheim,* 109 B.R. 1010

(D.Kan.1989); *In re Howerton,* 21 B.R. 621 (Bankr.N.D.Tex.1982).

**9.** California Code of Civil Procedure section 704.100(a) (West 1987) provides: "Unmatured life insurance policies including endowment and annuity policies), but not the loan value of such policies, are exempt without making a claim."

704.100(c), which is not part of the Insurance Code.

This argument fails. In *Estate of Barr*, 104 Cal.App.2d 506, 231 P.2d 876 (1951), the issue was whether California's insurance exemption from inheritance taxes applied to the monies received by the beneficiary of an annuity policy the decedent had purchased. The court held that although the annuity might be "life insurance" as defined in California Insurance Code section 101, its proceeds were not exempt from inheritance taxes because the annuity was not a life insurance policy. 104 Cal.App.2d at 511, 231 P.2d 876. In arriving at its conclusion, the court reasoned that the "Insurance Code is primarily a regulation and licensing statute" and that the "classification of annuities as life insurance for the purposes of the Insurance Code does not require its classification as insurance for the purposes of the Revenue and Taxation Code, the objects of which are totally different." *Id.* at 511, 231 P.2d 876.

We believe that the same principle applies here. The fact that California chooses to license and regulate the "granting, purchasing, or disposing" of annuities in a certain manner should have no bearing on the interpretation of California's exemption laws.

Having determined that the exemption provided by section 704.100(c) is limited to life insurance policies, it is but a short step for us to also conclude that the three annuity contracts at issue are not exempt. As the court stated in *Estate of Barr*, "Basically, an annuity contract is not a life insurance policy." 104 Cal.App.2d at 508, 231 P.2d 876. Here, the annuity contracts involve no risks, contingencies or unknown events, and are thus not life insurance policies. *See* California Insurance Code section 22; *California Insurance* at section 20.20[2][a]. Rather, they are an investment that the debtor made, under which sums certain are payable at fixed dates for a fixed period. This being so, the annuity contracts are not exempt under section 704.100(c).

## V. CONCLUSION

For the reasons set forth above, the annuity contracts are not exempt under section 704.100(c). Accordingly, we reverse the bankruptcy court's judgment in favor of the debtor.