61 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re John APSITIS, fdba Jonik Corporation, 3 Caballeros
Inc., A.S.P. Enterprises Inc., and Prerogatives,
Inc., Debtor.
John APSITIS, Plaintiff-Appellant,
v.
Carolyn DYE, Chapter 7 Trustee, Defendant-Appellee.
 No. 93-56469.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1995.*
Decided July 19, 1995.
 
 Before: BROWNING, BOOCHEVER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Apsitis purchased an annuity, written by Prudential Insurance Company of America, in the amount of $128,000 ("the Prudential Annuity"), approximately five months before declaring bankruptcy. He then claimed an exemption in the Prudential Annuity under Cal. Civ. Proc. Code Secs. 704.100 and 704.115. The bankruptcy court denied the exemption, and the district court affirmed. We agree that Apsitis is not entitled to claim an exemption in the annuity, and we affirm.
 
 DISCUSSION
 
 3
 I. No Exemption under Cal. Civ. Proc. Code Sec. 704.100
 
 
 4
 Cal. Civ. Proc. Code Sec. 704.100 provides, in pertinent part:
 
 
 5
 (a) Unmatured life insurance policies (including endowment and annuity policies), but not the loan value of such policies, are exempt without making a claim.
 
 
 6
 ...
 
 
 7
 (c) Benefits from matured life insurance policies (including endowment and annuity policies) are exempt to the extent reasonably necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor.
 
 
 8
 Apsitis argues that the Prudential Annuity is exempt under Sec. 704.100(a) as an "unmatured life insurance policy." Alternatively, Apsitis contends that even if the annuity is considered "matured," it is exempt under Sec. 704.100(c) because it is reasonably necessary for his support.
 
 
 9
 Both Apsitis' arguments fail, however, because we have previously held that both subsections (a) and (c) of Sec. 704.100 apply strictly to life insurance policies and not to annuities. See In re Bernard, 40 F.3d 1028 (9th Cir. 1994), cert. denied, 115 S. Ct. 1695 (1995); In re Pikush, 157 B.R. 155 (Bankr. 9th Cir. 1993), aff'd, 27 F.3d 386 (9th Cir. 1994). The statute's parenthetical reference to "endowment and annuity policies" does not create an independent exemption for endowments and annuities; rather, the parenthetical reference merely clarifies that certain types of life insurance policies that possess some of the significant features of an endowment or annuity will not lose their exempt character. See Pikush, 157 B.R. at 159. Single-premium annuity contracts that involve "no risks, contingencies or unknown events" are not entitled to exemption under Sec. 704.100(a) or (c). See id.; Bernard, 40 F.3d at 1032.
 
 
 10
 In the instant case, there were no pre-conditions to Prudential's obligation to make the payments to Apsitis under the annuity once it became effective. The terms of the annuity provided:
 
 
 11
 Subject to all the provisions of this contract, we will make all payments as stated in the payment schedule. Unless we have endorsed the contract to say otherwise, we will make the payments to the owner.
 
 
 12
 ...
 
 
 13
 This contract ... will take effect on the contract date only if the purchase payment is paid to us by the time you get the contract.
 
 
 14
 The parties intended the effective date of the contract to be the date the single premium payment was received by Prudential:
 
 
 15
 It is agreed that the contract will take effect on the date the purchase payment is received in Prudential's annuity administration office, even if the Annuitant ... died after that date but before the contract is issued.
 
 
 16
 Apsitis made the purchase payment for the annuity on August 26, 1991, five months before filing the bankruptcy petition. Prudential's unqualified obligation to pay arose on that date. Like the annuity in Bernard, the Prudential Annuity required the company to pay the funds to the designated beneficiary if the annuitant died. In this case, the beneficiary was Apsitis' wife. Therefore, Apsitis and his wife had an unconditional right to receive payment under the annuity once he made the purchase payment. Because the Prudential Annuity was fully enforceable on August 26, and involved "no risks, contingencies, or unknown events," it does not qualify for an exemption under either Sec. 704.100(a) or (c). See Bernard, 40 F.3d at 1032; Pikush, 157 B.R. at 159.
 
 
 17
 II. No Exemption under Cal. Civ. Proc. Code Sec. 704.115(e)
 
 
 18
 Apsitis argues that even if the Prudential Annuity is not exempt under Sec. 704.100, it still may be exempt under Sec. 704.115(e). That section provides that individual retirement annuities may be exempt
 
 
 19
 to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires.
 
 
 20
 Cal. Civ. Proc. Code Sec. 704.115(e).
 
 
 21
 Apsitis submitted his declaration stating that he is 53 years old, unemployed, suffering from glaucoma and high blood pressure, and that his wife has breast and lymphatic cancer. He also submitted an actuarial analysis, which was prepared under the assumption that the "Annuity benefit amounts w[ould] not be used to meet needs until retirement," and which indicated that the annuity would be necessary for his support when he retired.
 
 
 22
 The bankruptcy trustee had the burden of proving that Apsitis was not entitled to the exemption. Bankr. Rule 4003(c). The trustee argued that the Prudential Annuity would never be used for Apsitis' retirement because Apsitis would use it to pay his current expenses. Apsitis encumbered his home in the amount of $160,000 and used the proceeds to purchase the Prudential Annuity. Although he claimed that he bought the annuity for his support during retirement and that it should therefore be exempt, the trustee argued that the annuity would actually be used to pay off the loan.
 
 
 23
 Both the bankruptcy court and the district court found that the annuity was not reasonably necessary for Apsitis' support. This factual finding may not be reversed unless clearly erroneous. Bernard, 40 F.3d at 1033. We find that there was no clear error.
 
 
 24
 The bankruptcy court noted that Apsitis "is currently 53 years of age" and "will have several more years of employment before retirement." The district court found that Apsitis' increased living expenditures could be attributed in part to his excessive encumbering of his home just prior to filing the bankruptcy petition. We have previously affirmed that exemptions are not allowed in such circumstances:
 
 
 25
 The fact that the debtor's mortgage payments on his residence increased because he refinanced his residence to purchase the annuity does not mean that the annuity payments are "reasonably necessary" to support the debtor because his mortgage payments have gone up.... A debtor cannot make proceeds of an annuity policy "reasonably necessary" for his support, and therefore unavailable to be used to pay his creditors, merely because the debtor goes out and increases his debts in preparation for filing bankruptcy.
 
 
 26
 In re Moffat, 107 B.R. 255, 262 (Bankr. C.D. Cal. 1989); aff'd, 119 B.R. 201 (Bankr. 9th Cir. 1990); aff'd, 959 F.2d 740 (9th Cir. 1992).
 
 
 27
 The district court did not clearly err in finding that the Prudential Annuity is not reasonably necessary for Apsitis' support. In order to be exempt under Sec. 704.115(e), a retirement plan must be "designed and used for retirement purposes." In re Bloom, 839 F.2d 1376, 1378 (9th Cir. 1988). The record indicated that Apsitis voluntarily encumbered his home in order to buy the annuity, and then planned to use the annuity to pay off the loan, not to support himself during retirement. Moffat prohibits this type of pre-bankruptcy planning. Therefore, we find that the annuity cannot be exempted from the bankruptcy estate under Sec. 704.115(e).
 
 CONCLUSION
 
 28
 We find that Apsitis is not entitled to claim an exemption in the Prudential Annuity under Cal. Civ. Proc. Code Sec. 704.100 or Sec. 704.115(e). Therefore, we affirm the judgment of the district court.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3