73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Robert J. FUTORAN, Debtor.
Robert J. FUTORAN, Appellant,
v.
Max H. RUSH, Trustee in Bankruptcy, Appellee.
 No. 94-55759.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1995.*
Decided Dec. 26, 1995.
 
 1
 Before: FARRIS and RYMER, Circuit Judges, and SINGLETON, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Debtor Robert Futoran appeals the district court's ruling that Max Rush, the trustee of Futoran's estate, is not obligated to give Futoran the payments received by the estate under a deferred annuity purchased prepetition by Futoran. We affirm.
 
 I. Res Judicata
 
 4
 "The doctrine of res judicata does not apply to direct attacks on judgments. [It] does not preclude a litigant from making a direct attack ... upon the judgment before the court which rendered it." See Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir.1985). It is the law of the case doctrine that "ordinarily precludes a court from re-examining an issue previously decided by the same court ... in the same case." Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir.1982). But that doctrine is not "applied 'woodenly'[.]" Id. (law of the case doctrine is "analogous to, but less absolute a bar than, res judicata"). An appellate court retains limited power to recall and revise its own mandate. Zipfel v. Halliburton Co., 861 F.2d 565, 567 (9th Cir.1988); Greater Boston Television Corp. v. F.C.C., 463 F.2d 268, 278 (D.C.Cir.1971). "The clearest reason for recall or revision of appellate mandate is to ... make the judgment consistent with the opinion." Boston Television, 463 F.2d at 278.
 
 
 5
 The district court did not violate either the res judicata or law of the case doctrines. Assuming arguendo that the district court's first judgment required the turnover of the annuity payments, the district court retained the power to conform its judgment to its opinion in order to avert the injustice of enriching Futoran at the expense of his creditors.
 
 II. Exemption
 
 6
 In re Woodson held that Cal.Civ.Pro. Sec. 704.100 as incorporated by 11 U.S.C. Sec. 522 exempts the "ownership" interest in an unmatured life insurance policy but not the "beneficial" interest. 839 F.2d 610, 618-20 (9th Cir.1988) (right to maintain a life insurance policy and name a beneficiary is an ownership interest; right to future payment is a beneficial interest). In re Moffat stated that under the reasoning of Woodson, the right to payments under an unmatured annuity is a beneficial interest and is exempt under Cal.Civ.Pro. Sec. 704.100. 107 B.R. 255, 263 (Bankr.C.D.Cal.1989) (assuming arguendo that annuity was unmatured, "debtor would not be entitled to claim an exemption in any portion of the beneficiary interest--the 40 quarterly payments--payable under [it]"), aff'd on other grounds, 959 F.2d 740, 741 (9th Cir.1992).
 
 
 7
 The right to payments under an unmatured annuity plan is a beneficial interest equivalent to the right to receive payment under a life insurance plan and is not exempt.[1] Allowing "debtors to purchase single premium deferred annuities to protect all or a substantial portion of their assets from liquidation ... would completely gut the rights of creditors in bankruptcy." Id. at 264. The district court did not err.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable James R. Singleton, United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if Futoran's right to payments was an ownership interest, it would not be exempt under Cal.Civ.Pro. Sec. 704.100 because his annuity does not "come within the general category of 'life insurance policies.' " In re Pikush, 157 B.R. 155, 156 (9th Cir. BAP1993), aff'd, 27 F.3d 386 (9th Cir.1984)