**In re Barbara Ann ROGERS, Debtor.**

**Bankruptcy No. 98–02537–B7.**

United States Bankruptcy Court,
S.D. California.

June 18, 1998.

John D. Rittenhouse, San Diego, CA, for Debtor.

Timotny J. Truxaw, Ferrette & Slater, San Diego, CA, for James L. Kennedy, Chapter 7 Trustee.

James L. Kennedy, San Diego, CA, Chapter 7 Trustee.

## MEMORANDUM DECISION

PETER W. BOWIE, Bankruptcy Judge.

Debtor is a very sympathetic individual with multiple medical problems which have rendered her effectively disabled. During the decline she incurred substantial medical bills. However, she was able to maintain her home and substantial non-exempt equity in it. Shortly before bankruptcy, she borrowed against the non-exempt portion of the equity in her home (the amount in excess of consensual liens plus the allowed homestead exemp-

tion), and put the proceeds in a Providian Life and Health Insurance Annuity.

Upon filing bankruptcy under Chapter 7, debtor listed the annuity, and claimed it exempt under California Code of Civil Procedure § 704.100. The Chapter 7 trustee filed a timely objection, and the debtor thereafter amended her Schedule C to claim the annuity exempt under C.C.P. § 704.115. That section provides in pertinent part:

(a) As used in this section, "private retirement plan" means:

(1) Private retirement plans, including, but not limited to, union retirement plans.

(2) Profit-sharing plans designed and used for retirement purposes.

(3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1954 as amended, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.

(b) All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt.

If debtor's annuity falls under subpart (a)(1), (2) or (3), it is exempt. However, which subpart it falls under is important because § 704.115(e) provides in relevant part that "the amounts described in paragraph (3) of subdivision (a) are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires...." *In re MacIntyre,* 74 F.3d 186, 188 (9th Cir.1996).

It is clear from debtor's Opposition, and Amended Opposition, that debtor is asserting that the annuity is exempt under (a)(3) because debtor argues it is an annuity like the annuity in *In re Bernard,* 40 F.3d 1028 (9th Cir.1994), *cert. denied* 514 U.S. 1065, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995). Debtor argues here, in contrast to *Bernard,* that her annuity is necessary for her retirement.

At first glance, it is easy to see how debtor might have been misled by the *Bernard* decision. In *Bernard,* the debtors had borrowed against their non-exempt equity in their home and, ten days before filing bankruptcy, purchased a $250,000 annuity contract. The debtors asserted the annuity was exempt under C.C.P. § 704.100 as an unmatured life insurance policy and, alternatively, under § 704.115. The Ninth Circuit rejected the claim of exemption under § 704.100 based on its prior affirmance in *In re Pikush,* 157 B.R. 155 (9th Cir. BAP 1993), *aff'd* 27 F.3d 386 (9th Cir.1994).

The Ninth Circuit then turned to the claim of exemption under § 704.115. The court wrote:

> Annuities are exempt under this provision only to the extent necessary to provide for the support of the debtor and the debtor's spouse and dependents upon retirement. The bankruptcy court found that the annuity payments weren't necessary for the Bernards' support. (Citation omitted.) This finding is not clearly erroneous.

40 F.3d at 1032–1033.

Thus, a casual reading of *Bernard* might seem to support debtor's position—that a person could draw down non-exempt home equity and purchase an annuity contract that will be exempt to the extent necessary to support the debtor and dependents in retirement. However, closer scrutiny of C.C.P. § 704.115(a)(3), and *Bernard,* yields a different conclusion.

▪ As already noted, § 704.115(a)(3) exempts to the extent necessary:

> (3) Self-employed retirement plans and individual retirement annuities or accounts *provided for in the Internal Revenue Code of 1954 as amended, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.* (Emphasis added.)

The emphasized language modifies the preceding phrases including, for present purposes "individual retirement annuities". To quality for exemption under § 704.115(a)(3) the annuity must be one provided for in the Internal Revenue Code, and the accumula-

tions in the annuity must not have exceeded the "amounts exempt from federal income taxation". The California legislature had specific attributes of individual retirement annuities and individual retirement accounts in mind when it enacted C.C.P. § 704.115(a)(3). One does not have to look far to find what the legislature had in mind, either.

Section 408 of Title 26, United States Code (Internal Revenue Code), spells out in detail the qualifying attributes of individual retirement accounts (IRAs) in 26 U.S.C. § 408(a). Section 408(b) addresses in comparable detail individual retirement annuities. It provides in relevant part:

> (b) Individual retirement annuity.—For purposes of this section, the term "individual retirement annuity" means an annuity contract, or an endowment contract (as determined under regulations prescribed by the Secretary), issued by an insurance company which meets the following requirements:
>
> (1) The contract is not transferable by the owner.
>
> (2) Under the contract—
>
> (A) the premiums are not fixed,
>
> (B) the annual premium on behalf of any individual will not exceed $2,000, and
>
> (C) any refund of premiums will be applied before the close of the calendar year following the year of the refund toward the payment of future premiums or the purchase of additional benefits.
>
> (3) Under regulations prescribed by the Secretary, rules similar to the rules of section 401(a)(9) and the incidental death benefit requirements of section 401(a) shall apply to the distribution of the entire interest of the owner.
>
> (4) The entire interest of the owner is nonforfeitable.

▪ Debtor's annuity contract clearly does not meet the elements of an individual retirement annuity under 26 U.S.C. § 408(b), in part because of debtor's lump sum premium payment which far exceeded $2,000. Debtor has made no attempt to show how her annuity could qualify under § 408(b), and there is

nothing in the annuity contract itself which would support an argument that the annuity does qualify. The riddle of *In re Bernard* is equally easy to resolve. The issue of whether the annuity qualified under C.C.P. § 704.115(a)(3) was not raised. Instead, the Bankruptcy Court determined that it was not necessary for support in retirement. On appeal, the Ninth Circuit reviewed that factual finding and held it was not clearly erroneous. The Ninth Circuit had no need to reach the issue of whether the annuity qualified under § 704.115(a)(3) because even if it otherwise qualified the Bernards were not entitled to any exemption because the annuity was not necessary to their support in retirement. *In re Bernard* should not be read to hold that any annuity a debtor wants to purchase is exempt to the extent necessary, because a) it does not so hold; and b) C.C.P. § 704.115(a)(3) places express limitations on annuities which may qualify under it for any claim of exemption.

While the debtor has not argued for it, the Court has looked to the other subparts of C.C.P. § 704.115(a) to see if debtor's annuity might fit another exemption. However, the Court concludes it does not. Clearly, the annuity is not a self-employed retirement plan or a qualifying IRA under (a)(3). Nor is it a qualified profit-sharing plan under (a)(2). Subpart (a)(1) exempts "Private retirement plans, including, but not limited to, union retirement plans."

■ As other courts have recognized, C.C.P. § 704.115(a)(1) is vague and undefined. *In re Phillips,* 206 B.R. 196 (Bankr. N.D.Ca.1997). But this Court agrees with the *Phillips* court that whatever the legislature may have meant to encompass within (a)(1), it does not extend to protect anything a debtor unilaterally chooses to claim as intended for retirement purposes. The legislature does give us some hints about (a)(1) by identifying union retirement plans as an example. Another hint lies in the hierarchy or priority of exemption established by the legislature. Strictly regulated IRAs and individual retirement annuities which are self-funded are only exempt to the extent necessary for support. Profit-sharing plans "designed and used for retirement purposes" are

fully exempt, however, thus illustrating a higher order of preference. *Schwartzman v. Wilshinsky,* 50 Cal.App.4th 619, 57 Cal. Rptr.2d 790 (2nd Dist.1996). So, also are plans which qualify under (a)(1). But they do not include exclusively self-funded plans unless they qualify through a professional corporate entity. See, e.g., *In re Cheng,* 943 F.2d 1114 (9th Cir.1991); *In re Witwer,* 148 B.R. 930 (Bankr.C.D.Ca.1992). If a person were permitted to claim any asset as a "private retirement plan", and thus fully exempt, the "necessary for support" limitation for plans under (a)(3) would be eviscerated.

For the foregoing reasons, the Court concludes that debtor's annuity is not exempt under C.C.P. § 704.115(a) because it does not meet the requirements for qualification for exemption under any of subparts (a)(1), (a)(2), or (a)(3). The Court does not reach the issue of whether the annuity would be necessary for the debtor's support in retirement if the annuity otherwise qualified under (a)(3). To the extent the debtor's claim of exemption is premised on C.C.P. § 704.115, the trustee's objection to the claim of exemption in the annuity is sustained, and the claim of exemption is disallowed.

■ As noted, debtor initially claimed the annuity exempt under C.C.P. § 704.100 as a form of unmatured life insurance. After the trustee's objection, the debtor substituted § 704.115. But her brief continued to argue that § 704.100 might apply. The Court disagrees. That issue was squarely addressed in *In re Pikush,* 157 B.R. 155 (9th Cir. BAP 1993), and rejected. *Pikush* was affirmed on appeal to the Ninth Circuit, 27 F.3d 386 (1994). The claim was briefly revisited in *In re Bernard,* 40 F.3d 1028, 1032 (9th Cir. 1994), and soundly rejected. Those rulings control the present situation to the extent the debtor is still asserting a claim of exemption under C.C.P. § 704.100. Such a claim of exemption in the present case on the instant record is denied.

The foregoing constitutes the findings and conclusions of the Court. Counsel for the trustee shall prepare and lodge a separate form of order consistent with the foregoing

within twenty (20) days of the date of service of this Memorandum Decision.

IT IS SO ORDERED.